IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERRI A. TURNER, et al.,            :

    Plaintiffs,                      :

v.                                   :
                                     Civil Action No. GLR-12-2895
JPMORGAN CHASE BANK, N.A.,            :
et al.,
                               :
    Defendants.
                               :

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on Defendants', JPMorgan Chase Bank, N.A. ("Chase"), Howard N. Bierman, Jacob Geesing, Carrie M. Ward, and Ralph Dipietro (collectively "Substitute Trustees"), Motions to Dismiss Plaintiffs', Sherri A. Turner and Michelle Turner-Goldsmith, Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF Nos. 7, 10).  In their Complaint, Plaintiffs seek monetary relief for the damages they suffered as a result of Defendants' alleged wrongful eviction of Plaintiffs from their residence.

The issues have been fully briefed and the Motions are ripe for disposition.  No hearing is necessary pursuant to Local Rule 105.6 (D.Md. 2011).  For the reasons that follow, Defendants' Motions to Dismiss will be granted.

## I. BACKGROUND[1]

In June 2008, Plaintiffs resided at 1033 Dulaney Mill Drive in Frederick, Maryland (the "Property"). At that time, Plaintiffs were the tenants of then-owners Amarjeet and Benjaree Talwar (the "Talwars"). The Talwars borrowed $380,000 from Washington Mutual Bank, F.A. ("WaMu") to purchase the property, but later defaulted on their obligation. On October 10, 2007, WaMu, by and through the Defendant Substitute Trustees, filed a foreclosure proceeding against the Property in the Circuit Court for Frederick County ("Circuit Court").

After successfully acquiring the Property at a foreclosure sale, WaMu, by and through its counsel The Fisher Law Group, PLLC, filed a motion for judgment of possession of the Property on January 24, 2008. The Circuit Court granted the motion on February 5, 2008, but, due to various motions contesting the Circuit Court's ruling, Plaintiffs were not evicted from the Property until June 12, 2008. The crux of the controversy concerned whether WaMu properly served Plaintiffs with the possession motion. On August 25, 2009, the Court of Special Appeals of Maryland ("Court of Special Appeals") issued an

---

[1] Unless otherwise noted, the facts in this section are taken from the Complaint, and the unreported Court of Special Appeals of Maryland opinion attached to the Complaint as Exhibit 1. (See ECF No. 2). The facts of the Complaint are accepted as true for the purpose of these Motions.

opinion deeming the Plaintiffs' eviction unlawful. (See Compl. Ex. 1).

On August 23, 2012, Plaintiffs filed suit against Defendants[2] in the Circuit Court requesting compensatory and punitive damages resulting from the June 2008 eviction. Chase removed the action to this Court on September 28, 2012, based upon diversity jurisdiction. Chase and the Substitute Trustees filed their Motions to Dismiss on October 4, and October 11, 2012, respectively. On October 22, 2012, Plaintiffs filed a Motion to Remand and a Motion to Stay Consideration of Defendants' Motions to Dismiss. (See ECF Nos. 15-16). The Court granted the Motion to Stay on October 23, 2012, and, on December 4, 2012, issued a Letter Order denying Plaintiffs' Motion to Remand. (See ECF Nos. 19, 24). In that Letter Order, the Court found that the Substitute Trustees were fraudulently joined and instructed Plaintiffs to respond to the pending Motions to Dismiss within fourteen days of the Order.

Chase's Motion to Dismiss is fully briefed, but Plaintiffs did not file a response to the Substitute Trustees' Motion in light of the Court's ruling that Plaintiffs had no possibility

---

[2] On September 25, 2008, Chase purchased certain WaMu assets after the Office of Thrift Supervision closed WaMu and the FDIC was appointed receiver. (See Def. Chase's Mot. to Dismiss at 2, ECF No. 2-1). As a result, Plaintiffs identify Chase as the proper defendant in this matter because, according to them, Chase is "the successor in interest to [WaMu]." (Compl. ¶ 5).

of recovery against them. (See Pls.' Opp'n to Def. Chase's Mot. to Dismiss at 1 n.1, ECF No. 25). As a result, this Memorandum Opinion will focus primarily on Chase's Motion to Dismiss.[3]

## II. DISCUSSION

**A.  Standard of Review**

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, the complaint must allege facts that, when accepted as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. Id. (citing Twombly, 550 U.S. at 555). Thus, the Court "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009)) (internal quotation marks omitted).

---

[3] The Substitute Trustees' Motion to Dismiss (ECF No. 10) will be granted based upon the Court's ruling on Plaintiffs' Motion to Remand.

4

In determining whether to dismiss, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005); Albright v. Oliver, 510 U.S. 266, 268 (1994).

**B.   Analysis**

Chase propounds three arguments in support of its Motion to Dismiss:  (1) Plaintiffs claims are barred by the three-year statute of limitations; (2) Chase, as the purchaser of a corporation's assets, is not liable for WaMu's liabilities; and (3) Plaintiffs failed to present facts that establish a claim against Chase.  Because the Motion will be granted on statute of limitations grounds, the Court will not address the remaining arguments.

Under Maryland law, "[a] civil action at law shall be filed within three years from the date it accrues," unless another section of the Code provides otherwise.  Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 2012).  Neither party disputes the fact that the applicable statute of limitations in this matter is three years.  The parties do dispute, however, when the cause of action accrued.

Chase avers that the action accrued when Plaintiffs gained knowledge of the facts needed to support their wrongful eviction

5

claim. Therefore, according to Chase, Plaintiffs gained the requisite knowledge on the June 12, 2008 eviction date. Plaintiffs, relying upon James v. Weisheit, 367 A.2d 482 (Md. 1977), counter that the action did not accrue until they knew that the eviction was wrongful. Namely, when the Court of Special Appeals issued its August 25, 2009 opinion. The Court finds that Plaintiffs' wrongful eviction action accrued on the date of their eviction.

The question of accrual is a judicial determination that may be based on fact, law, or a combination of the two. Poffenberger v. Risser, 431 A.2d 677, 679 (Md. 1981). Maryland courts have adopted the discovery rule as a means of determining when a claim begins to accrue for purposes of the statute of limitations. The discovery rule "tolls the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." Frederick Rd. Ltd. P'ship v. Brown & Sturm, 756 A.2d 963, 973 (Md. 2000). In other words, "limitations begin to run when a plaintiff gains knowledge sufficient to prompt a reasonable person to inquire further." Pennwalt Corp. v. Nasios, 550 A.2d 1155, 1163 (Md. 1988).

As Chase correctly notes, in determining the accrual date, Maryland courts question whether plaintiffs gained knowledge of the facts necessary to support all elements of their claim. See

Kumar v. Dhanda, 43 A.3d 1029, 1034 (Md. 2012) (stating the law is concerned "with accrual in the sense of testing whether all of the elements of a cause of action have occurred so that it is complete."); Anne Arundel Cnty. v. Halle Dev., Inc., 971 A.2d 214, 229 (Md. 2009) ("We agree that notice of facts, and not the law, is the trigger for commencement of the limitations period."). Moreover, even the case Plaintiff relies upon conducts an inquiry into whether the plaintiff had knowledge of the facts necessary to prove all elements of a deceit claim. See James, 367 A.2d at 484. Therefore, the statute of limitations began to accrue when Plaintiffs gained knowledge of all the facts necessary to prove their wrongful eviction claim.

In Maryland, a wrongful eviction "occurs when the person recovering the property had no right to dispossess the other party from the property." BTR Hampstead, LLC v. Source Interlink Distribution, LLC, 5 A.3d 142, 152 (Md.Ct.Spec.App. 2010). Plaintiffs had knowledge of all facts necessary to support a wrongful eviction claim upon their June 12, 2008 eviction. Specifically, at the time of eviction, Plaintiffs knew, and/or believed, that WaMu had no right to dispossess them of the rental property. This finding is supported by the fact that Plaintiffs immediately sought legal action to reverse the Circuit Court's grant of WaMu's possession motion. Moreover, Plaintiffs concede in their Opposition to Chase's Motion to

7

Dismiss that they had a belief, and asserted in court, that the eviction was wrongful.[4] (See Pls.' Opp'n to Def. Chase's Mot. to Dismiss at 2).

Plaintiffs filed their wrongful eviction action on August 23, 2012.  The three-year statute of limitations on Plaintiffs' claim began to accrue on June 12, 2008; the date Plaintiffs gained knowledge of the eviction and believed it to be unlawful. Consequently, Plaintiffs had until June 2011 to file their claim.

### III. CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF Nos. 7, 10) are GRANTED.  Plaintiffs' Complaint is hereby DISMISSED as time barred.  The Clerk is DIRECTED to CLOSE this case.  A separate Order follows.

Entered this 18th day of January, 2013

_____/s/_____
George L. Russell, III
United States District Judge

---

[4] Plaintiffs' contention that they could have been penalized for filing a "frivolous lawsuit in contempt of the ruling by the Circuit Court for Frederick County" (Id.) is contradicted by the successful appeal of the Circuit Court's ruling.